UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO<br>1300 L Street, N.W.<br>Washington, D.C. 20005,<br><br>           Plaintiff,<br><br>           v.<br><br>UNITED STATES POSTAL SERVICE,<br>475 L'Enfant Plaza, S.W.<br>Washington, D.C. 20260,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

## COMPLAINT

1.  This is an action for breach of a collective bargaining agreement brought in accordance with Section 15 (b) of the Postal Reorganization Act ("PRA"), 39 U.S.C. § 1208 (b), by the American Postal Workers Union, AFL-CIO ("Plaintiff" or "APWU"), against the United States Postal Service ("Defendant" or "Postal Service"). In this action, Plaintiff seeks an order enforcing and directing Defendant's compliance with a final and binding Arbitration Award, dated January 10, 2007, issued by Arbitrator Christopher E. Miles.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action under the Postal Reorganization Act, 39 U.S.C. §§ 409 and 1208, and under 28 U.S.C. §§ 1331 and 1337.

3.  Venue properly lies in this Court pursuant to 39 U.S.C. § 1208 and 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff APWU is an unincorporated labor organization with headquarters at 1300 L Street, N.W., Washington, D.C. 20005. Plaintiff is party to a collective bargaining agreement with Defendant and represents, for purposes of collective bargaining, approximately 325,000 employees of Defendant.

5. Defendant United States Postal Service is, in accordance with 39 U.S.C. § 201, an independent establishment of the Executive Branch of the United States Government. Postal Service headquarters are located at 475 L'Enfant Plaza, S.W., Washington, D.C. 20260.

## FACTUAL ALLEGATIONS

6. At all material times, Plaintiff and Defendant have been parties to a collective bargaining agreement (the "National Agreement") that sets forth the terms and conditions of employment of employees in bargaining units represented by the APWU at Postal Service facilities throughout the United States.

7. By Notice of Removal dated July 2, 2004, the Postal Service notified then employee Deborah Freeman (hereinafter "Freeman" or "the Grievant"), a clerk at the Post Office in Roanoke, Virginia, that she would be discharged from her employment effective August 7, 2004.

8. In response to the Postal Service's discharge action against Grievant Freeman, the Roanoke Local of the APWU ("the Local") filed a grievance, taken to Step 2 of the grievance procedure on July 27, 2004, demanding, among other things, reinstatement and back pay for Grievant Freeman. The number assigned to this Grievance was Case No. C00C-4C-D 04167713.

9. The Parties met in an Arbitration Hearing before Arbitrator Christopher E. Miles on November 14, 2006.

10. On January 10, 2007, Arbitrator Christopher E. Miles issued an Award sustaining the grievance filed in Case No. C00C-4C-D 04167713.

11. Arbitrator Miles's Award sets out the following holding:

The grievance filed on behalf of Ms. Deborah Freeman is sustained. Based upon the uniquely specific circumstances surrounding this case, it is found that the Grievant provided documentation for her absence in the form of the settlement agreement entered into between her and the Postal Service, as well as her request for administrative leave. According to the Settlement Agreement she was to be placed on administrative leave until such time that she was placed in a full time window clerk position at the Hollins Branch of the Roanoke Post Office. In addition, it is found that she cannot be charged AWOL for the dates cited in the removal notice because she was entitled to receive administrative leave if not working in accordance with the settlement agreement. Furthermore, the Postal Service has paid the Grievant for administrative [leave] for the dates cited in the Notice of Removal and charged as AWOL. Consequently, it is found that the Postal Service did not prove that it had just cause in accordance with Article 16, Section 1 of the Agreement to remove Ms. Freeman from her employment. The Grievant is therefore reinstated to her position with the Postal Service and she shall be made whole for all lost wages as a result of the Notice of Removal dated July 2, 2004.

12. Under Article 15, Section 5, Paragraph 8.A.6 of the National Agreement, the decision of Arbitrator Miles in Case No. C00C-4C-D 04167713 is final and binding.

13. By letter dated September 26, 2007, Greg Bell, APWU Director of Industrial Relations, wrote to Doug A. Tulino, Vice President of Labor Relations for the Postal Service, demanding that the Postal Service comply with Arbitrator Miles's January 10, 2007, Award in Case No. C00C-4C-D 04167713.

14. By letter dated October 24, 2007 (received by the APWU on October 29, 2007), the Postal Service informed the APWU that it was entitled to reduce the amount of back pay owed to Grievant Freeman, contrary to the terms of the Arbitrator's Award, by virtue of Section 436 of its Employee and Labor Relations Manual for the entire back pay period.

15. At all times after October 24, 2007, the Postal Service has been unwilling to make Grievant Freeman whole in compliance with the Award described in Paragraph 11.

16. By failing and refusing to comply with the Award described in Paragraph 11, the Postal Service has violated, and continues to violate, its contractual obligations to Plaintiff, and continues to violate the National Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff APWU asks this Court to issue a decision and order:

(1) Enforcing and directing the Postal Service to comply with the Arbitrator's Award described in Paragraph 11;

(2) Requiring the Postal Service to make Grievant Deborah Freeman whole for any and all losses sustained on account of its failure to comply with the Arbitrator's Award described in Paragraph 11, plus interest;

(3) Directing the Postal Service to pay in full the APWU's attorneys' fees and costs; and

(4) Granting the APWU such other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

Date: April 9, 2008    By: _____
Lee W. Jackson (DC Bar No. 436010)
ljackson@odsalaw.com
1300 L Street, N.W., Suite 1200
Washington, D.C. 20005-4126
(202) 898-1707 / Fax (202) 682-9276

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

## DEFENDANTS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- 2 U.S. Government Defendant
- 3 Federal Question (U.S. Government Not a Party)
- 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

### A. *Antitrust*

410 Antitrust

### B. *Personal Injury/Malpractice*

310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury
362 Medical Malpractice
365 Product Liability
368 Asbestos Product Liability

### C. *Administrative Agency Review*

151 Medicare Act

**Social Security:**
861 HIA ((1395ff)
862 Black Lung (923)
863 DIWC/DIWW (405(g)
864 SSID Title XVI
865 RSI (405(g)
**Other Statutes**
891 Agricultural Acts
892 Economic Stabilization Act
893 Environmental Matters
894 Energy Allocation Act
890 Other Statutory Actions (If Administrative Agency is Involved)

### D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. *General Civil (Other)*   OR   F. *Pro Se General Civil*

**Real Property**
210 Land Condemnation
220 Foreclosure
230 Rent, Lease & Ejectment
240 Torts to Land
245 Tort Product Liability
290 All Other Real Property

**Personal Property**
370 Other Fraud
371 Truth in Lending
380 Other Personal Property Damage
385 Property Damage Product Liability

**Bankruptcy**
422 Appeal 28 USC 158
423 Withdrawal 28 USC 157

**Prisoner Petitions**
535 Death Penalty
540 Mandamus & Other
550 Civil Rights
555 Prison Condition

**Property Rights**
820 Copyrights
830 Patent
840 Trademark

**Federal Tax Suits**
870 Taxes (US plaintiff or defendant
871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
610 Agriculture
620 Other Food &Drug
625 Drug Related Seizure of Property 21 USC 881
630 Liquor Laws
640 RR & Truck
650 Airline Regs
660 Occupational Safety/Health
690 Other

**Other Statutes**
400 State Reapportionment
430 Banks & Banking
450 Commerce/ICC Rates/etc.
460 Deportation

470 Racketeer Influenced & Corrupt Organizations
480 Consumer Credit
490 Cable/Satellite TV
810 Selective Service
850 Securities/Commodities/ Exchange
875 Customer Challenge 12 USC 3410
900 Appeal of fee determination under equal access to Justice
950 Constitutionality of State Statutes
890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255*                                    | H. *Employment Discrimination*                                                                                                                          | I. *FOIA/PRIVACY ACT*                                                                          | J. *Student Loan*                                               |
|---|---|---|---|
| 530 Habeas Corpus-General<br>510 Motion/Vacate Sentence     | 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | 895 Freedom of Information Act<br>890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | 152 Recovery of Defaulted Student Loans (excluding veterans)    |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| 710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt. Reporting & Disclosure Act<br>740 Labor Railway Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | 441 Voting (if not Voting Rights Act)<br>443 Housing/Accommodations<br>444 Welfare<br>440 Other Civil Rights<br>445 American w/Disabilities-Employment<br>446 Americans w/Disabilities-Other | 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholder's Suits<br>190 Other Contracts<br>195 Contract Product Liability<br>196 Franchise | 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

1 Original Proceeding   2 Removed from State Court   3 Remanded from Appellate Court   4 Reinstated or Reopened   5 Transferred from another district (specify)   6 Multi district Litigation   7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23   **DEMAND $**   **JURY DEMAND:**   Check YES only if demanded in complaint   **YES    NO**

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   **YES    NO**   If yes, please complete related case form.

**DATE**            **SIGNATURE OF ATTORNEY OF RECORD**

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

- **I.**  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

- **III.**  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

- **IV.**  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

- **VI.**  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

- **VIII.**  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.